UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA           CRIMINAL ACTION

VERSUS

KERYN GOYNES (a/k/a Keryn White)    No. 07-120-C

## RULING

Before the Court are three identical documents, each styled as an "Ex-Parte Motion to Suspend Remand" (Doc. Nos. 34, 36, and 44), and an "Application for Release Pending Appeal from Judgment" (Doc. No. 65), which were filed by defendant, Keryn Goynes. Through these motions, Goynes seeks her release from custody pending appeal of the sentence imposed following her conviction for making false statements to a federal credit union and two counts of making false statements to a bank. The Government has filed a response opposing the motions. After reviewing the submissions of the parties and the applicable law, the Court finds that defendant's motions should be denied.

18 U.S.C. § 3143(b)(1) provides, in relevant part, that:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds-
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the

community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Fifth Circuit has interpreted § 3143(b) to require that "[t]o obtain release pending appeal, a convicted defendant must establish four factors: (1) that [s]he is not likely to flee or pose a danger to the safety of others; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment."[1] The factors are conjunctive so the absence of any one factor will prevent release.[2]

Here, the defendant fails the first prong because the Court is convinced that she poses a danger to the safety of the community if she is released. Therefore, the

---

[1] **United States v. Clark,** 917 F.3d 177, 179 (5th Cir.1990) (citing Fed. R.App. P. 9(c); 18 U.S.C. § 3143(b)).

[2] **Id.**

Court need not address the remaining factors.

Goynes asserts that she is a nonviolent offender. However the Government contends that she is a danger to the safety of the community because she has a substantial criminal history which reflects similar conduct on a repeated basis, frequently while under some type of court supervision such as supervised release or pretrial supervision. The Court agrees.

Goynes' criminal history reflects that she was convicted of bank fraud in 1995 and sentenced to one year imprisonment followed by supervised release. While on supervised release for this conviction, Goynes was convicted of bank fraud again. Her supervised release was revoked and she was sentenced to an additional fourteen months imprisonment on the new charge, followed by five years of supervised release. While serving that second term of supervised release, Goynes committed the instant offenses of making false statements to a federal credit union, and two counts of making false statements to a bank. After pleading guilty to these offenses and while awaiting sentencing, Goynes was arrested on November 21, 2007 for identity theft, bank fraud, and forgery.[3]

The Court notes that Goynes' criminal conduct over the course of time has increased both in the number of offenses committed as well as the amount of net loss to the victims. Based on her criminal history, the Court is convinced that Goynes

---

[3] The court notes that these charges were later dismissed because Goynes was facing sentencing in this court at the time.

is incapable of refraining from this type of behavior and is likely to again engage in this type of criminal conduct if given the opportunity in the future. The Court finds that Goynes apparently has no regard for the law or the orders of this Court, as she has repeatedly engaged in criminal conduct while on supervised release. Thus, the Court concludes that Goynes poses a danger to the safety of other people as well as the community and, therefore, that she is not entitled to be released pending appeal.

Accordingly,

IT IS ORDERED AND ADJUDGED that the "Ex-Parte Motion to Suspend Remand" (Doc. Nos. 34, 36, and 44) and the "Application For Release Pending Appeal From Judgment of Conviction" (Doc. No. 65), filed by defendant, Keryn Goynes, are **DENIED**.

Baton Rouge, Louisiana, this 4th day of November, 2010.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA