UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

KERYN GOYNES                                        NUMBER 07-120-BAJ-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 3, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

KERYN GOYNES                                    NUMBER 07-120-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner Keryn Goynes. Record document number 91.

For the reasons which follow, the petitioner's § 2255 motion should be denied.

**I. Procedural History**

On September 18, 2007, the petitioner pled guilty to three counts making false statements to a bank and credit union in violation of 18 U.S.C. § 1014. On July 24, 2008, the petitioner was sentenced to imprisonment for a term of 120 months.

Petitioner argued in her direct appeal that: (1) the district court did not give adequate notice of the possibility of an upward departure as required by Federal Rule of Criminal Procedure 32(h); (2) the court should not have imposed an upward departure after having granted a downward departure; (3) the Government breached the plea agreement by refusing to argue for an offense-level

reduction for acceptance of responsibility; (4) prior bank fraud convictions used to calculate her criminal history are invalid in light of *Skilling v. United States*, 130 S.Ct. 2896 (2010); and, (5) the petitioner sought application of a recent guideline amendment which eliminated the two criminal history points previously awarded for crimes committed within two years of release from imprisonment for a prior offense. The United States Court of Appeals for the Fifth Circuit affirmed the district court judgment. *United States v. Keryn Goynes*, 432 Fed.Appx. 362 (5th Cir. 2011).

Petitioner signed her § 2255 motion on July 10, 2012, and it was filed on July 12, 2012. Petitioner asserted two grounds for relief:

(1) her due process rights were violated when the court imposed an upward departure after having granted a downward departure; and

(2) she was denied effective assistance of counsel when counsel failed to order a psychological evaluation of the petitioner and failed to present mitigating evidence explaining her criminal history and why she committed the crimes.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

## II. Applicable Law and Analysis

**Grounds for a § 2255 Motion**

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct the sentence: (1) the sentence was

imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

### Ground 1: Upward Departure

In her first ground for relief, the petitioner argued that her due process rights were violated when the court imposed an upward departure after having granted a downward departure.

Petitioner made the same argument on appeal. The United States Court of Appeals for the Fifth Circuit held that the petitioner's criminal history supported an upward departure, and that the upward departure was not plainly erroneous or an abuse of discretion.

It is well settled in this circuit that when a claim is raised and disposed of on appeal, it cannot be considered in a § 2255 motion. *United States v. Webster*, 392 F.3d 787, 791, fn. 5 (5th Cir. 2004), citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.) *cert. denied*, 476 U.S. 1118, 106 S.Ct. 1977 (1986); *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997).

### Ground 2: Ineffective Assistance of Counsel

In her second ground for relief, the petitioner argued that

she was denied effective assistance of counsel. Specifically, the petitioner argued that counsel failed to have her undergo a psychological evaluation and failed to present mitigating evidence explaining her criminal history and why she committed the crimes.

To obtain relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

The same test applies when a petitioner alleges ineffective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985). To satisfy the second prong of this test, the petitioner must show that "there is reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

4

*Hill*, 474 U.S. at 59, 106 S.Ct. at 370. To meet the prejudice prong, the defendant must affirmatively prove, and not merely allege, prejudice. *Bonvillain v. Blackburn,* 780 F.2d 1248, 1253 (5th Cir. 1986). Thus, "[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is 'no actual and substantial disadvantage' to the defense." *United States v. Diaz,* 733 F.2d 371, 376 (5th Cir.1984) (quoting *Diaz v. Martin,* 718 F.2d 1372, 1379 (5th Cir. 1983)).

A voluntary guilty plea waives all non-jurisdictional defects in the proceedings against the defendant. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *Id*.

Rule 11, Fed.R.Crim.P., ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting it.[1] *United States v. Reyes*, 300 F.3d

---

[1] Rule 11(b)(1) provides, in pertinent part, as follows:
  Before the court accept a plea of guilty or nolo contendere,... the court must inform the defendant of, and determine that the defendant understands, the following:
  ...
   (G) the nature of each charge to which the defendant is pleading;
   (H) any maximum possible penalty ...;
   (I) any mandatory minimum penalty;
                                              (continued...)

5

555, 558 (5th Cir. 2002). Petitioner has the burden to show (1) there is an error, (2) that is clear and obvious, and (3) that the error affects his substantial rights. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2002).

Petitioner was rearraigned on September 18, 2007, represented by Steve Moore. The plea agreement was read into the record[2] the petitioner advised the court that she still wanted to enter into the plea agreement,[3] the petitioner pled guilty,[4] after which she was placed under oath[5] and questioned by the court.

During the Rule 11 colloquy, the district judge informed the petitioner of the charges against her to which she intended to plead guilty.[6] The district judge verified that the petitioner fully understood the charges against her and the sentencing

---

[1](...continued)
...
   (M) in determining the sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors ...

[2] Record document number 82, Re-arraignment transcript, pp. 2-12.

[3] *Id.* at 13.

[4] *Id.* at 15-16.

[5] *Id.* at 16.

[6] *Id.* at 23-24.

ramifications of her guilty plea.[7]  Petitioner understood that her sentence would not be based on any estimate she may have received from her attorney.[8]  Petitioner was asked whether "anyone forced you, or threatened you, or made promises to you to get you to plead guilty?"[9]  Petitioner answered, "No, your honor."[10]

The record clearly shows that the petitioner was adequately informed and was aware of the consequences of her plea. Petitioner's plea was voluntary, knowing and intelligently entered.

In the first component of her ineffective assistance of counsel claim, the petitioner argued that counsel failed to obtain a psychological evaluation of her.

Because the petitioner did not contend that her attorney's performance affected her decision to plead guilty, her claim that counsel failed to obtain a psychological evaluation is waived.

Even if the claim was not waived, it would nonetheless be without merit.  Petitioner did not argue that there was any basis for counsel to obtain a psychological evaluation of her.  During the re-arraignment, the petitioner acknowledged that although she received counseling from a psychologist "on and off for a few years," she took no medication and described her mental health as

---

[7] *Id.* at 24-26.

[8] *Id.* at 24-25.

[9] *Id.* at 26.

[10] *Id.*

"good."[11]  This is consistent with the mental and emotional health information contained in the Presentence Investigation Report.[12] Morever, the petitioner did not allege, nor has she come forward with any evidence to establish that there is a reasonable probability that, but for counsel's alleged errors, she would not have pleaded guilty and would have insisted on going to trial.

In the second component of her ineffective assistance of counsel claim, the petitioner argued that counsel failed to present mitigating evidence at sentencing explaining her criminal history and why she committed the crimes.  Petitioner asserted that such evidence exists, but she provided no specifics as to what the mitigating evidence would have been or how it would have aided her.[13]  These conclusory statements are insufficient to satisfy *Strickland's* prejudice prong.  *United States v. Rodriguez*, 48 F.3d 531 (5th Cir. 1995); *see Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982), *cert. denied*, 461 U.S. 951, 103 S.Ct. 2419 (1983) (mere conclusory statements do not raise a constitutional issue in a habeas corpus case).

---

[11] *Id*. at 17-18.

[12] Presentence Investigation Report, pp. 14-15, ¶ 60.

[13] Petitioner indicated that she would submit a memorandum addressing this component of her ineffective assistance of counsel claim.  Record document number 91, p. 5 ("(Memorandum of Law to follow.)").  Nearly three months have passed since the petitioner filed her § 2255 motion, but no memorandum has been filed.

8

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied.

Baton Rouge, Louisiana, October 3, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE